IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   CR 111-070 |
| | * |
| RAESEAN CLARK | * |

**O R D E R**

Defendant Raesean Clark has filed a motion for reduction in sentence pursuant to the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). The Government opposes the motion. Upon due consideration of the parties' submissions, particularly Defendant's inmate medical records, the Court denies Defendant's request for relief.[1]

The compassionate release provision provides a narrow path for a district court to grant release to a defendant if, after

---

[1] Defendant filed a separate motion for the appointment of counsel. There is no statutory or constitutional right to counsel in a § 3582(c) proceeding. United States v. Courson, 835 F. App'x 546 (11th Cir. 2021) (Mem.) (citing United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009)). Instead, the district court has the discretionary authority to appoint counsel in the interests of justice. Webb, 565 F.3d at 795 n.4 (noting there may be equitable concerns that would make the appointment of counsel appropriate to ensure a just outcome). Upon review of Defendant's motion, the Court finds that he has cogently presented his case for compassionate release and he has not shown that the interests of justice *require* the appointment of counsel. Accordingly, the motion for appointment of counsel (doc. 45) is **DENIED**.

considering the factors set forth in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons" warrant such relief and that release is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The applicable Policy Statement, in turn, provides that if the defendant is not a danger to the community, there are three specific categories of "extraordinary and compelling reasons" to grant relief: medical, age, and family circumstances. U.S.S.G. § 1B1.13 & n.1(A)-(C). A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D).[2] Thus, the compassionate release provision imposes three conditions on granting a sentence reduction: the existence of extraordinary and compelling circumstances, adherence to Policy Statement § 1B1.13 (including a finding that the defendant is not a danger to the

---

[2] The Eleventh Circuit Court of Appeals has held that district courts are bound by the definition of "extraordinary and compelling" set forth in Policy Statement § 1B1.13 and its application note. United States v. Bryant, 996 F.3d 1243 (11th Cir. 2021). Thus, the Court does not have discretion to consider other circumstances. To be clear, however, even if the Court had the discretion not to follow the Policy Statement, Defendant does not present an extraordinary and compelling reason warranting early release, and the Court would not exercise its discretion to release him upon weighing the sentencing factors of 18 U.S.C. § 3553(a), as discussed infra.

2

community), and support in the § 3553(a) sentencing factors. United States v. Tinker, --- F.4th ---, 2021 WL 4434621, at *2 (11th Cir. Sept. 28, 2021). Absence of even one of these requirements would foreclose a sentence reduction. Id.; United States v. Giron, --- F.4th ---, 2021 WL 4771621 (11th Cir. Oct. 13, 2021) ("[C]ompassionate release is permissible only if all three findings are made.").

In this case, Defendant contends that his medical condition qualifies him for relief. It is undisputed that Defendant suffers from multiple sclerosis and glaucoma. Defendant states that his condition has worsened in that he is incontinent and his vision is deteriorating.

Defendant's medical condition is not insignificant, and the possible embarrassment, or at best inconvenience, of wearing protective undergarments as have been prescribed to him is unfortunate. The seriousness of his medical condition, however, does not necessarily equate to an "extraordinary and compelling" reason to grant compassionate release. In fact, § 1B1.13 indicates that a medical condition is only considered sufficiently serious if it "substantially diminishes the ability of the defendant to provide self-care within" the prison. U.S.S.G. § 1B1.13, n.1(A)(ii), cited in Giron, 2021 WL 4771621, at *2. Defendant has

not shown that he satisfies this standard.[3] Rather, the medical records[4] indicate that the Bureau of Prisons is responding to Defendant's needs to include prescription of appropriate medications (including the protective undergarments as mentioned) and scheduling of neurological, optometric and ophthalmological consults as well as psychiatric counseling. Further, Defendant has been offered a rolling walker to assist ambulation, but he refused it because he did not want to be moved out of his housing unit.[5] In short, Defendant has failed to show that his medical condition constitutes an extraordinary and compelling reason to warrant early release under Policy Statement § 1B1.13.

Even assuming Defendant's medical condition was sufficiently serious to warrant consideration of release, the relevant sentencing factors of § 3553(a) do not weigh in his favor. The Court particularly notes that the nature of his offense, the history and characteristics of this Defendant, and the need to protect the public weigh against reducing his sentence to time served. As a convicted felon, Defendant sold multiple firearms to undercover officers leading to the instant conviction under 18

---

[3] See United States v. Granda, 852 F. App'x 442, 446 (11th Cir. 2021) (stating it is movant's burden to show that his circumstances warrant a sentence reduction under § 3582(c)(1)(A)).

[4] Defendant's federal inmate medical records are attached as an exhibit to the Government's response brief (doc. 46.)

[5] Defendant slowly ambulates with the use of a cane.

4

U.S.C. § 922(g)(1).  At the time, Defendant was on state probation for burglary of a pawn shop to steal guns.  The Court recognizes that Defendant has spent most of his time since conviction in state custody on state charges; however, the Court finds that only full service of the imposed 32-month sentence on this federal offense will provide the necessary and independent societal response to the instant crime.  That is, release at this point would fail to reflect the seriousness of his offense, promote respect for the law, provide just punishment, and afford adequate deterrence.

Upon the foregoing, Defendant Raesean Clark's motion for compassionate release (doc. 44) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 22nd day of October, 2021.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA